The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before former Deputy Commissioner Jan N. Pittman and the briefs and oral arguments on appeal. No additional witnesses testimony was received by the Full Commission. The appealing party has shown good ground to reconsider the evidence. Upon reconsideration of the evidence, the Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
*******************
EVIDENTIARY RULING
All objections raised during the deposition of Dr. Price are ruled upon in accordance with the law and the Opinion and Award rendered in this matter.
*******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties through a Pre-Trial Agreement, which is incorporated herein, and at the hearing on 28 March 1996 as :
STIPULATIONS
In addition to the stipulations contained in the aforementioned Pre-Trial Agreement, the parties furthermore stipulated that plaintiff sustained an injury by accident to her back arising out of and in the course of her employment with defendant-employer on 31 January 1993; that plaintiff has not lost as much as seven days from work as a result of said injury and; that the issue to be decided is whether or not plaintiff's present back condition resulted from the 31 January 1993 injury.
*******************
The Full Commission, having reviewed the entire record of evidence, including the Deputy Commissioner's first hand observations of the witnesses, nonetheless rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of her injury by accident, plaintiff had worked as a registered nurse for twelve years, the last three and one-half to four years for defendant-employer.
2. On 31 January 1993, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of her employment with defendant-employer when she slipped and fell, landing on her left buttocks while walking through the special care nursery. As a result this injury by accident, plaintiff sustained an acute lumbosacral strain.
3. Plaintiff was seen in defendant-employer's emergency room on 31 January 1993 and had follow-up examinations on 1 February, 8 February, and 15 February 1993 in defendant-employer's Employee Health Department.
4. At the time of her examination on 15 February 1993, plaintiff continued to experience back pain related to the injury by accident of 31 January 1993, although the pain had become intermittent. Despite her continued symptoms, plaintiff indicated that at that time she did not wish to continue taking prescription medication for her back, and was released to return to full time work without restrictions.
5. Prior to her injury on 31 January 1993, plaintiff had not injured her back and had not experienced the regular occurrence of back pain.
6. After 15 February 1993, plaintiff returned to her regular job duties with defendant-employer. Following her return to work, plaintiff continued to experience intermittent back pain through the time of her examination by Dr. Robert E. Price in February, 1994.
7. On 6 July 1993, plaintiff participated in an annual health screening through defendant-employer's Employee Health Department. At that time, plaintiff indicated that she had injured her back on 31 January 1993. The fact that examination notes from that date do not record that plaintiff was experiencing continued back pain does not necessarily indicate any lack of credibility on plaintiff's part. Instead, this fact could be indicative of the common difficulty with communication during these types of examinations.
8. On 14 July 1993, plaintiff was seen by Dr. Barker, her gynecologist, for reasons unrelated to her back injury. However, during the examination, plaintiff related to Dr. Baker that she was having low back pain in the lumbosacral area. Dr. Barker diagnosed plaintiff experiencing symptoms related to a lumbosacral strain.
9. Because of her continued back pain, plaintiff reported to the Employee Health Department on 28 December 1993. On this occasion, plaintiff reported that she had experienced continued back pain since 15 February 1993, and that she could not recall any new injury. At this examination, plaintiff also related that she was experiencing tingling in the area of her thoracic spine.
10. Contrary to what is presented in the dissenting opinion by Commissioner Dianne C. Sellers, the Deputy Commissioner made nospecific findings related to plaintiff's credibility, although to find as the Deputy Commissioner did, one would likely have to place little weight in plaintiff's testimony. Despite the lack of a specific finding of fact to the contrary, the Full Commission finds that plaintiff's testimony related to her continued intermittent back pain following the 15 February 1993 examination is credible.
11. Plaintiff's testimony is corroborated by that of two co-workers, Ms. Robbie Godwin and Ms. Leslie McGiveney. Ms. Godwin, who worked with plaintiff on a weekly basis, testified that she often spoke with plaintiff about her back pain during the period in question, and that plaintiff's pain was worse some days as compared to others. Ms. McGiveney testified that plaintiff's body language indicated that she was experiencing pain and that plaintiff often complained about her back pain.
12. Plaintiff was then referred for physical therapy. When seen by a physical therapist on 5 January 1994, plaintiff reported a history of having been injured at work in January of 1993. Plaintiff also indicated that following her return to work she experienced continued back pain and symptoms. After 28 December 1993, plaintiff again returned to work for defendant-employer, but with restrictions of no heavy lifting greater than ten pounds, no heavy pushing or pulling, and no stooping or bending.
13. Plaintiff continued undergoing conservative treatment and was ultimately referred to Dr. Price, a neurosurgeon, for further evaluation. On 1 February 1994, plaintiff was seen by Dr. Price for her complaints of left-sided back pain and pain in the thoracic region. When initially seen in February 1994, plaintiff's main complaints were low back pain and left hip pain. Therefore, Dr. Price referred plaintiff for an MRI scan in February 1994 which revealed a small left-sided foraminal herniated nucleus pulposus without any evidence of neural compression. Dr. Price prescribed continued conservative treatment. When re-examined by Dr. Price on 17 January 1995, plaintiff was experiencing pain more in the thoracic area on the left side. Examination at this time noted some decreased sensation on the left in the T4-6 area. Therefore, plaintiff underwent a thoracic MRI scan in January 1995 which revealed a small herniated disc at the T5-6 level which would explain plaintiff's complaints of pain. However, Dr. Price did not feel that plaintiff was a good surgical candidate for treatment of this thoracic disc.
14. Plaintiff returned to Dr. Price in April 1995, reporting increased back and left leg pain radiating into her buttocks, thigh, calf, and the lateral aspect of her heel for approximately one month. Plaintiff was then referred for a myelogram which again revealed a small disc at the L4-L5 level, and some possible displacement of the L5 nerve root on the left. Plaintiff was instructed to reduce her activities and conservative treatment was again advised. Upon re-examination in September 1995, plaintiff's condition had improved. However, in January 1996, plaintiff contacted Dr. Price regarding a flare-up of her back condition and requested another epidural block which was subsequently performed. Plaintiff's pain did improve following this treatment and Dr. Price recommended that plaintiff enroll in a good rehabilitation program for improving her back strength.
15. The medical treatment which plaintiff underwent following her 15 February 1993 return to work was causally related to, and reasonably required as the result of her injury by accident of 31 January 1993.
*******************
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on 31 January 1993 resulting in a lumbosacral strain. G.S. § 97-2(6).
2. As the result of her injury by accident, plaintiff is entitled to have defendants pay for all related medical expenses incurred or to be incurred, including the expenses incurred after her 15 February 1993 return to work. G.S. § 97-25.
3. The medical compensation to which plaintiff is entitled constitutes an "Award" under the terms of the Workers Compensation Act. Therefore, plaintiff is entitled to have defendants pay interest pursuant to the terms of G.S. § 97-86.2 on the amount of medical expenses she incurred, to be calculated from 28 March 1996, the date of the initial hearing. Childress v. Trion, Inc., No. COA96-412, slip op. (N.C.App. 4 March 1997).
*******************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of her injury by accident, including the expenses incurred after 15 February 1993.
2. Defendants shall pay interest on unpaid medical expenses pursuant to the terms of G.S. § 97-86.2, to be calculated from 28 March 1996, the date of the initial hearing. This payment of interest is not subject to an attorney's fee and shall be paid in full to plaintiff.
3. Defendants shall pay an expert witness fee in the amount of $250.00 to Dr. Price.
4. Defendants shall pay the costs.
 S/ ______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
DISSENTING:
S/ ______________________ DIANNE C. SELLERS COMMISSIONER